UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN COPELAND,

        Plaintiff,

v.

MERCER COUNTY CORRECTION
CENTER, et al.,

        Defendants.

Civil Action No. 17-5780 (MAS) (LHG)

**MEMORANDUM AND ORDER**

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, it appearing:

    1.    Defendants Mercer County Correction Center and Essex County Correctional Facility are dismissed from this case. County prisons are not "persons" amenable to suit under § 1983. *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) ("PCCF, [a correctional facility,] to the extent [the plaintiff] was suing the facility, is not a 'person' within the meaning of 42 U.S.C. § 1983") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Tremper v. Correct Care Solutions*, No. 13-3626, 2014 WL 320338, at *2 (D.N.J. Jan. 29, 2014); *Antoine v. Belleville Mun. Ct.*, No. 10-1212, 2010 WL 2989991, at *3 (D.N.J. July 27, 2010); *McLeod v. Monmouth Cty. Corr. Inst.*, No. 05-4710, 2006 WL 572346, at *4 (D.N.J. Mar. 8, 2006).

2. The balance of the Complaint, regarding (1) an alleged unconstitutional transfer of Plaintiff, a pretrial detainee, *see Cobb v. Aytch*, 643 F.2d 946, 961 (3d Cir. 1981) (transfer of pretrial detainee from one prison to another, more distant, prison is prohibited absent consent of pretrial detainee or notice and an opportunity to be heard in a state tribunal "independent of the prison system in opposition to it"), (2) alleged placement into solitary confinement without cause, (3) excessive force, and (4) denial of adequate medical services, is permitted to proceed.

**IT IS** therefore on this 14th day of September, 2017,

**ORDERED** that all claims against Defendants Mercer County Correction Center and Essex County Correctional Facility are hereby **DISMISSED WITH PREJUDICE**, and they are hereby **DISMISSED** from the case;

**ORDERED** that the balance of the complaint is permitted to proceed past 28 U.S.C. § 1915 screening;

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States[1];

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A);

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address, and (2) file a Certificate of Service.[2]

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.