<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

STEVEN COPELAND,                               :
                                               :
                          Plaintiff,           :     Civil Action No. 17-5780 (MAS) (LHG)
                                               :
                     v.                        :               **OPINION**
                                               :
MERCER COUNTY CORRECTION                        :
CENTER, et al.,                                :
                                               :
                          Defendants.          :
                                               :

<u>**SHIPP, District Judge**</u>

Plaintiff is proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 49.)  Presently before the Court is a motion to dismiss the complaint filed by Defendants Charles Green and Lieutenant Cornelius. (Mot. to Dismiss, ECF No. 89.) Plaintiff has not filed opposition to the motion. For the reasons set forth herein, the Court grants the motion to dismiss.

## I.     <u>PROCEDURAL BACKGROUND</u>

On August 4, 2017, Plaintiff filed a civil rights complaint against Defendants Peter Charles, Charles Ellis, Lieutenant Lyszczak, and Phyllis Oliver (collectively, the "Mercer County Defendants"), as well as the Mercer County Correction Center ("MCCC"), and the Essex County Correctional Facility ("ECCF"). (Compl., ECF No. 1.)  The Court permitted the complaint to proceed against the Mercer County Defendants but dismissed MCCC and ECCF from the case. (Mem. & Order, Sept. 14, 2017, ECF No. 12.)  On November 17, 2017, Plaintiff filed correspondence seeking to add ECCF Warden Charles Green and ECCF Lieutenant Cornelius

(collectively, the "Essex County Defendants"). (Correspondence, Nov. 17, 2017, ECF No. 21.) Plaintiff's request was granted and he subsequently filed an amended complaint. (Minute Entry, Oct. 12, 2018, ECF No. 44; Am. Compl., ECF No. 49.) On September 24, 2019, the Essex County Defendants filed a motion to dismiss. (Mot. to Dismiss, ECF No. 89.) Plaintiff did not file opposition.

## II.   FACTUAL BACKGROUND

The Court recites the facts necessary to decide the instant motion and accepts as true Plaintiff's factual allegations for the purposes of the motion. *See N.J. Carpenters v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014) (holding that a court must accept a plaintiff's factual allegations as true for the purposes of a motion to dismiss). In January 2014, Plaintiff was ordered detained at MCCC while he was awaiting trial in Mercer County. (Am. Compl., ECF No. 49 at 1.) Plaintiff states that on June 19, 2015, he was transferred to ECCF without any explanation or opportunity to contest the transfer. (*Id.*) On May 22, 2017, Plaintiff was returned to MCCC to be available for his trial. (*Id.* at 3.) After his trial concluded in June 2017, Plaintiff was transferred back to ECCF until his sentencing. (*Id.* at 5.)

On July 18, 2017, Plaintiff submitted a grievance at ECCF requesting the reason for his transfer. (Am. Compl. Ex., ECF No. 49-1.) Lieutenant Cornelius responded stating, "This is not a grievance. Talk to your attorney or write Mercer County. This system is utilized to address concerns for Essex County Jail issues. The courts allow for you to have a public defender. Call them. This is your first warning in misuse of this tablet." (*Id.*) Thereafter, Plaintiff submitted a second grievance at ECCF again requesting the reason for his transfer. (Am. Compl., ECF No. 49 at 5.) He states that, "[t]he administration simply reported 'Administrative move per [deputy] administrator.'" (*Id.*) Plaintiff states that the deputy administrator referred to in the response is

2

Phyllis Oliver.  (*Id.*)  Plaintiff appealed his grievance, arguing that his transfer was "unjusti[fi]able," that he was not provided the opportunity to challenge his transfer, and that the transfer violated his rights. (*Id.* at 5-6.) Plaintiff also asserted that he was not a "PC inmate", he had not been a "disciplinary issue," and that he had a right to know why he had been transferred. (*Id.* at 6.) On August 3, 2017, the "Essex County Correctional Facility responded" stating, in part: "[d]isciplinary charges are not the only reason for transfers, you may have a codefendant or witness or victim in the building. Also there may have been threats against you." (*Id.*)

Plaintiff alleges that as a result of his transfer to ECCF he missed court appearances, his public defender had difficulty visiting him and properly preparing for his case, and he was "stripped of his discovery" and "legal documents" which hindered his ability to defend himself against his criminal charges. (*Id.* at 6.)

## III.  STANDARDS OF REVIEW

In resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

(quoting *Twombly*, 550 U.S. at 555).  Furthermore, pro se pleadings are liberally construed.  *See Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV.    DISCUSSION

The Essex County Defendants argue that Plaintiff's amended complaint is devoid of any allegations of personal involvement by either Warden Green or Lieutenant Cornelius. (Mot. to Dismiss, ECF No. 89-1 at 7.)  The Essex County Defendants contend that pursuant to *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), there must be personal involvement in the alleged wrongs, and Plaintiff's amended complaint provides only a "generic statement" which fails to provide any specific allegations against them.  (*Id.*)  As a result, the Essex County Defendants submit that the claims against them in the amended complaint must be dismissed. (*Id.*)

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) (quoting *Rode*, 845 F.2d at 1207); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each . . . defendant, through the [defendant's] own actions, has violated the Constitution."). Personal involvement may be shown through "allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207.

Here, Plaintiff's amended complaint does not allege that Warden Green directly participated in, personally directed, or had actual knowledge of any alleged wrongdoing. Rather, Plaintiff's only mention of Warden Green is the allegation that, "It is clear by a preponderance of the evidence that has been set forth by the plaintiff that this illegal transfer, obvious negligence

4

and blatant abuse of discretion by [t]he entire [sic] Warden Charles Ellis, Deputy Warden Phyllis Oliver, Administrator Peter Charles, L[ieu]tenant Lizac and Warden Charles Green, L.T. Cornelius has had an adverse affect [sic] on the [P]laintiff['.]s legal proceedings." (Am. Compl., ECF No. 49 at 6-7.) This unadorned legal conclusion is insufficient to state a claim against Warden Green. *See Iqbal*, 556 U.S. at 678 ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Accordingly, Plaintiff has not plead sufficient facts to state a claim against Warden Green. The Court, therefore, dismisses without prejudice the claims against this Defendant.

Plaintiff has also failed to demonstrate the requisite personal involvement of Lieutenant Cornelius. Plaintiff again does not provide any specific factual allegations in his amended complaint against Lieutenant Cornelius. (*See generally* Am. Compl., ECF No. 49.) Construing the amended complaint liberally, however, Plaintiff could be attempting to raise a claim against Lieutenant Cornelius based upon his review of Plaintiff's grievance. (Am. Compl. Ex., ECF No. 49-1.) But a defendant's participation in an after-the-fact review of a grievance is insufficient to establish personal involvement in an underlying constitutional wrong. *See Rode*, 845 F.2d at 1207-08; *see also Curtis v. Wetzel*, 763 F. App'x 259, 262-63 (3d Cir. 2019) (holding that defendants "who participated only in the denial of [plaintiff's] grievances – lacked the requisite personal involvement."). Absent additional information, Plaintiff has not provided any allegations which would impute personal involvement to Lieutenant Cornelius in the allegedly unconstitutional transfer. As a result, the Court dismisses without prejudice the claim against Lieutenant Cornelius.

V.      **CONCLUSION**

For the reasons set forth above, the Essex County Defendants' motion to dismiss is GRANTED and the claims against the Essex County Defendants are DISMISSED WITHOUT PREJUDICE. An appropriate Order follows.

MICHAEL A. SHIPP

UNITED STATES DISTRICT JUDGE

Dated: 4/20/20